IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

Vs.                                                  No.  06-40029-01-SAC

EPIFANIO TRUJILLO
a/k/a Epifanio Trujillo-Santos,
a/k/a Epifanio Santos Trujillo,

                Defendant.

MEMORANDUM AND ORDER

The defendant Epifanio Trujillo pleaded guilty to his single count indictment that charged him with possession with the intent to distribute 1,160 grams of methamphetamine. At the change of plea hearing, the defendant admitted to driving a car that was stopped for a traffic infraction and to transporting 2,000 grams of methamphetamine and almost $5,000 in currency in hidden compartments. In exchange for the defendant's plea, the government agreed in part to "take no position regarding the court's consideration of Offense Role." (Dk. 38, p. 10). The presentence report ("PSR") recommends a Guideline sentencing range of 108 to 135 months from a criminal history category of one and a total offense level of 31 (base offense level of 36 pursuant to U.S.S.G. §

2D1.1(c)(2)), less a two-level reduction for meeting the criteria of § 5C1.2 pursuant to § 2D1.1(b)(9), and less a three-level reduction for acceptance of responsibility adjustment pursuant to U.S.S.G. § 3E1.1). The addendum to the PSR reflects the defendant has one unresolved objection for a minor role adjustment. The defendant has filed a sentencing memoranda in support of his objection, and the government has filed no response.

The defendant objects to the PSR not recommending a minor role adjustment and relies on *United States v. Rubio-Sanchez*, 2006 WL 2402986 (D. Kan. Jul. 25, 2006). In his sentencing memorandum, the defendant proffers the following and represents the government did not oppose the defendant's receipt of the safety valve adjustment after receiving this same information:

> Mr. Trujillo is a professional musician, who lived in Utah with his wife and three children. During his travels with his band, Mr. Trujillo met an individual named Geraldo Perez, who he believes was about 28 years old at the time these events occurred. Mr. Perez lives in Chihuahua, Mexico but travels periodically to the United States. Mr. Trujillo would see Mr. Perez most often at a club in Chihuahua called the "El Rio Milo". Mr. Perez approached Mr. Trujillo in Salt Lake City, and indicated that he was looking to buy a vehicle. Mr. Trujillo sold Mr. Perez a 1999 Honda Accord. About four months later, Mr. Perez returned the vehicle to Mr. Trujillo and told him that because of some problem with the title, Mr. Perez could not transfer the vehicle into his own name. Mr. Trujillo believes that during this four-month period, Mr. Perez had the hidden compartment installed in the vehicle. Mr. Perez demanded to return the vehicle to Mr. Trujillo, and demanded his

> money back. Mr. Trujillo could not refund the entire purchase price of the vehicle, and Mr. Perez proposed that Mr. Trujillo could make up the difference by driving the vehicle on a trip. In addition, Mr. Perez offered to pay Mr. Trujillo enough to repair his music group's tour bus, about $2000.
>
> Mr. Trujillo met Mr. Perez at Motel 6 on North Temple Street in Salt Lake City. Two other individuals were there, each in his mid-thirties, but Mr. Trujillo did not know them. Mr. Trujillo was given 5-6 packages, which he concealed in the Accord. He was given directions to drive the car to Kansas City. There was another vehicle accompanying Mr. Trujillo during this trip- a van with four occupants. One of those occupants was Mr. Perez, and there were also two other man and one woman. Mr. Trujillo was to follow this van to an address in Kansas City. After Mr. Trujillo was stopped, he did not see or hear from Mr. Perez again.

(Dk. 40, pp. 1-2). The PSR does not include this information, as the defendant apparently never provided it to the PSR writer. The defendant's sentencing memorandum does not explain any reason for this delay in presenting this proffered information. The government submits no written response to the sentencing memorandum or proffered information.

The court recently summarized the general law governing minor role reductions:

> The mitigating role adjustment in U.S.S.G. § 3B1.2 "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2, comment. (n.3(A)). The determination whether a defendant is entitled to such a reduction is "heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2, comment. (n.3(C)). A role reduction is not earned simply

3

> because a defendant is "the least culpable among several participants in a jointly undertaken criminal enterprise." *United States v. Lockhart*, 37 F.3d 1451, 1455 (10th Cir.1994) (citing *United States v. Caruth*, 930 F.2d 811, 815 (10th Cir.1991)). In evaluating culpability, a court compares the "defendant's conduct with that of others in the same enterprise, but also with the conduct of an average participant in that type of crime." *United States v. Caruth*, 930 F.2d at 815. To weigh relative culpability, "evidence must exist of other participants and their role in the criminal activity." *United States v. Sukiz-Grado*, 22 F.3d 1006, 1009 (10th Cir. 1994) (internal quotation marks omitted). In short, a role reduction is appropriate when the defendant is "substantially less culpable" than an average participant and is not required just because multiple participants with differing levels of culpability are involved. The defendant has the burden of proving his minor participation. *United States v. Harfst*, 168 F.3d 398, 401-02 (10th Cir. 1999).

*United States v. Vargas-Islas*, 437 F. Supp. 2d 1180, 1181-82 (D. Kan. 2006). Thus, in this circuit, a defendant acting as a courier is neither entitled nor is ineligible for a minor role adjustment, for the determination turns on individual factors that reveal the defendant's relative culpability, in other words, the extent of the defendant's knowledge and involvement in the criminal enterprise. *See id*.

The court is persuaded by the defendant's offer of proof and arguments that he is substantially less culpable than others involved in the same enterprise. The defendant was not involved in planning the trip, equipping the vehicle with hidden compartments, purchasing the drugs, or negotiating any transaction. The defendant knew only one other person in

the distribution conspiracy, Mr. Perez, who had recruited the defendant through some suspicious business dealings and cajoling.  The defendant's only role was to drive the drugs from Salt Lake City to Kansas City, and he had no expectation of profiting from any eventual distribution of the drugs.  The defendant was not trusted to deliver the drugs alone, as Mr. Perez and others traveling in a separate vehicle accompanied the defendant on the trip.  The defendant was substantially less culpable than Mr. Perez and the others who were more knowledgeable of and directly involved in the conspiracy.

For the above reasons, the court sustains the defendant's objection and grants him a minor role reduction.  This ruling results in a guideline sentencing range of 63 to 78 months (total offense level of 26 and criminal history category of one) based on the additional five-level reduction attributable to the minor role adjustment (three levels in U.S.S.G. § 2D1.1(a)(3) and two levels in U.S.S.G. § 3B1.2(b)).

IT IS THEREFORE ORDERED that the defendant's objection to the PSR is granted.

Dated this 6th day of March, 2007, Topeka, Kansas.

                    <u>s/ Sam A. Crow</u>
                    Sam A. Crow, U.S. District Senior Judge